DANIEL W. BRADLEY *and another, Appellants, versus* JOHN
W. VEAZIE.

The Revised Statutes of 1857, c. 64, §§ 55 and 57, and the statute of 1859,
c. 113, confer on a Judge of Probate plenary power to punish, as for a
contempt, a person duly before him, who refuses to answer any lawful in-
terrogatory.

Whether an interrogatory be lawful or otherwise, or whether a commitment
be justifiable or not, can be determined only by the Supreme Judicial Court
on a writ of *habeas corpus.*

If questions are improperly asked, they must be answered as the Judge, in
his discretion, may order; such answers subject, however, to be excluded
when offered as evidence in any legal proceeding.

From an order of the Judge, requiring any such question to be answered, an
appeal will not lie.

ON REPORT of the evidence by APPLETON, J.

This was an appeal from an order of the Judge of Pro-
bate for the county of Penobscot.

D. W. Bradley and G. L. Boynton were cited on the
petition of John W. Veazie, as administrator on the estate
of John Winn, to appear before the Probate Court, to be
examined on oath, in relation to an alleged concealment or
embezzlement by them of property of the deceased. The
respondents appearing, July term, 1859, certain questions
were put to them in writing, against being required to an-
swer which they protested, and the Judge ordered them to
answer. From this order they appealed.

As questions of law arose in the case, the facts were re-
ported to the full Court.

*J. A. Peters,* for the appellants, urged the impropriety and
illegality of the questions on divers grounds.

*Rowe & Knowles,* in reply, contended, amongst other things,
that the Judge of Probate erred in allowing the appeal, and
that no appeal lies in such a case.

In the view taken by the Court, most of the arguments of
counsel on both sides become inapplicable, and need not be
reported.

The opinion of the Court was drawn up by

CUTTING, J.—It appears in this case, that certain questions were propounded to the appellants, concerning transactions between them and the appellee's intestate, in relation to personal property, which the Judge of Probate ordered the appellants to answer, and from which order an appeal was taken to this Court.

The proceedings in the Court below were authorized by R. S. of 1857, c. 64, § 55, which provides that—"upon complaint made to the Judge of Probate, by an executor, administrator, heir, legatee, creditor or person interested in the estate of a person deceased, against any one suspected of having concealed, embezzled, or conveyed away any of the moneys, goods or effects of the deceased, he may cite such suspected person to appear before him, to be examined on oath in relation thereto." And, further, by § 57—"if any person, duly cited as aforesaid, refuses to appear and submit to such examination, or to answer all lawful interrogatories, the Judge may commit him to the jail of the county, there to remain until he submit to the order of the Court, be discharged by the complainant, or by the order of the Supreme Judicial Court."

And, by an Act of amendment, passed in 1859, c. 113, the Probate Judge "may require him to produce, for the inspection of the Court and parties, all books, papers or other documents within his control, relating to the matter under examination."

The foregoing provisions were manifestly intended to confer upon the Probate Judge plenary power to punish, as for a contempt, the person duly before him, who should refuse to answer any lawful interrogatory; and, whether the interrogatory be lawful or otherwise, or whether the commitment be justifiable or not, can be determined only by the Supreme Judicial Court on a writ of *habeas corpus*. If otherwise, the statutes, creating a summary process to elicit the truth by a disclosure of facts within the knowledge of the person inquired of, may, by the ingenuity of counsel, be wholly evaded.

Bradley v. Veazie.

Suppose we decide that certain questions were properly put, and that the proceedings should be remitted to the Probate Court for answers, and the appellants still refuse, should the Judge invoke his judicial function conferred by § 57, or authorize another appeal? Or if new questions were propounded and answers declined, as probably would be the case, another appeal is taken, and so on *ad infinitum*. Such proceedings, if not a contempt of the Judge, would be of the statute. Such an absurdity is not to be attributed to that law.

In *O'Dee* v. *McCrate*, 7 Maine, 467, it was held that this process was in the nature of a bill in equity for a discovery, and can result only in the discovery of facts, to serve as the basis of ulterior proceedings. But if such be the nature and result, the process and proceedings have been otherwise in practice. A bill for a discovery must contain specific allegations, and is usually accompanied with interrogatories, which are to be met and answered by the respondent in writing, whereas, in this process, there is a general allegation of embezzlement, and the respondents, in the usual form, are cited to appear, and to submit themselves on oath to an examination in relation to the subject matter of the complaint. In such case, the respondents appear before the Probate Judge in the character of deponents to give their depositions, or witnesses upon the stand to testify. And when before even magistrates, as deponents or witnesses, their refusal to answer might be treated as a contempt, and punished as prescribed in § 57, certainly not less rigorously. And shall the Judge of Probate be more limited in his judicial functions than an ordinary justice of the peace?

The disclosure of the respondents, when made, can only be considered in the nature of a deposition, which, as a party defendant in a suit pending, under the present law, they might be required to give, even before any magistrate in the county. If questions are improperly asked, they must be answered as the justice or presiding Judge in his discretion shall dictate, subject, however, to be excluded, whenever such testimony.

shall be offered in any legal proceeding. By such a course, the law is magnified and rendered efficient and effectual, and the just and lawful rights of all parties fully protected.

For the foregoing reasons, this appeal is dismissed, as being improperly before us, and the case remitted to the Probate Court for further proceedings.

TENNEY, C. J., and RICE, APPLETON, MAY, and KENT, JJ., concurred.